**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4583

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DENNIS RAY GREGORY,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Margaret B. Seymour, District Judge. (CR-04-461)

Submitted: October 5, 2005        Decided: November 30, 2005

Before WILKINSON, NIEMEYER, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John H. Hare, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. James Strom Thurmond, Jr., United States Attorney, Florence, South Carolina, Dean Arthur Eichelberger, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Dennis Ray Gregory pled guilty to knowing receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) (2000), and was sentenced to sixty months in prison. On appeal Gregory's counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), asserting that the district court may not have fully complied with Rule 11 of the Federal Rules of Criminal Procedure in accepting Gregory's guilty plea and may have imposed sentence in violation of law or by incorrectly applying the sentencing guidelines, but stating he found no meritorious claims for appeal. Gregory was notified of his right to file a pro se supplemental brief, but he has not done so. The Government elected not to file a brief.

Gregory did not move in the district court to withdraw his guilty plea; therefore, his challenge to the adequacy of the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002) (holding that "plain error analysis is the proper standard for review of forfeited error in the Rule 11 context"). This analysis requires the court to determine whether there was error, whether the error was plain, and whether it affected the Defendant's substantial rights. Id. at 524. If a defendant establishes these requirements, the court's "discretion is appropriately exercised only when failure to do so would result in a miscarriage of justice, such as when the

defendant is actually innocent or the error seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Hughes, 401 F.3d 540, 555 (4th Cir. 2005) (internal quotation marks and citation omitted).

Our review of the record reveals that the district court complied with the requirements of Rule 11, except for advising Gregory that the answers he gave at the hearing may be used against him in a prosecution for perjury or false statement as required by Rule 11(b)(1)(A). We find the district court erred in failing to advise Gregory that his answers could be used against him in a prosecution for perjury or false statement, but find the error does not affect his substantial rights because there has been no assertion either that Gregory's statements at the plea hearing were prejurious or false, or that the Government seeks to prosecute Gregory for any false statements. Accordingly, we find Gregory's guilty plea was knowing and voluntary and properly accepted by the district court.

After review of the record, we also conclude that the mandatory minimum sentence imposed by the district court as required by statute, 18 U.S.C. § 2252A(b)(1) (2000), was not unreasonable. See United States v. Robinson, 404 F.3d 850, 862 (4th Cir. 2005). Finding no error, we affirm the judgment of the district court.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>